## MOODY v. MILLARD COUNTY DRAINAGE DIST. No. 1 et. al.

No. 2768.   Decided February 9, 1915 (149 Pac. 480).

DRAINS—DRAINAGE DISTRICTS—ISSUANCE OF BONDS—SUBMISSION TO POPULAR VOTE—NOTICE. Laws 1913, chapter 95, section 32, provides, as to special drainage district elections to determine whether bonds shall issue, that the supervisors shall request the county commissioners to call a special election within from thirty to forty-five days "from the date of filing such request and due notice of such election, which shall be held within the said district or at some convenient point adjacent to said district," and that such notice shall require the electors to cast ballots in the form therein specified, or in an equivalent form. *Held*, that the statute is meaningless as to the notice to be given, or by whom, when or in what manner it is to be given, and, as the giving of notice is a prerequisite to a valid election, an election held thereunder was invalid, though notice was given by posting and publication, as there was no statutory standard by which it could be determined whether the notice was sufficient.

Original proceeding by Milton Moody against Millard County Drainage District No. 1 and others to restrain the issuance and sale of bonds.

Writ made permanent.

*W. E. Rydalch* for plaintiff.

*Thomas & Soule* for defendants.

STRAUP, C. J.

We are asked to restrain Millard County drainage district

and the board of supervisors of that district from issuing, selling, or disposing of bonds to construct drains, canals, and to make other improvements. On petition of Milton Moody, an aggrieved and interested party, we granted an order to show cause and a restraint in the meantime. Due return to our mandate was made. The matter was heard yesterday (February 8, 1915). Various grounds are alleged assailing the validity of chapter 95, Laws 1913, relating to drainage districts. The only one pressed involves that portion of section 32 of the act relating to notice of special elections to determine whether or not drainage bonds shall issue. It reads:

"Before such bonds shall be issued the board of supervisors shall request the board of county commissioners to, and the said board of county commissioners shall at once call a special election to be held within a time not less than thirty (30) nor more than forty-five (45) days from the date of filing such request, and due notice of such election which shall be held within the said district or at some convenient point adjacent to said district. Such notice shall require the electors to cast ballots, which shall, contain the words 'Drainage Bonds ———— District ————, Yes,' or 'Drainage Bonds ———— District ————, No,' or words equivalent thereto."

The language is not only ambiguous, but so wanting in words, terms, or reference as not to express anything concerning the subject of notice. The word "notice," if regarded as nominating anything, is left without a predicate; if as an object acted upon, it is left without action or an actor. It stands there unrelated and unconnected with anything preceding or following it. No sense can be gathered from the language as to the giving of a notice, by whom to be given, when to be given, nor the manner of giving it. Nor is it aided in such respect by reference to other provisions of the act. The giving of notice is a prerequisite to a valid election. It is averred in the return that notice by posting and publication was given. But until it is provided what that notice shall be, when and how it shall be given, and by whom given, there is no standard by which it can be determined whether what was done is or is not in compliance with law. We think the act bad in this particular, and that the

writ should be made permanent. Such is the order; costs to the plaintiff. Counsel will prepare the writ. All the Justices concur.